IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **AMANDA MCELWEE,** : | |
| 308 S. Maple St. : | |
| Bainbridge, OH 45612 : | Case No. 2:21-cv-1265 |
| : | |
| and : | |
| : | |
| **KENDALL HARRIS** : | |
| 2080 Lapperell Rd : | |
| Peebles OH, 45660 : | |
| : | |
| **Plaintiffs, for themselves and all** : | JUDGE |
| **others similarly situated,** : | |
| : | MAGISTRATE JUDGE |
| vs. : | |
| : | **Jury Demand Endorsed Hereon** |
| **BRYAN COWDERY, INC.,** : | |
| c/o Registered Agent Bryan Cowdery : | |
| 188 Chestnut Commons Drive : | |
| Commercial Point, OH 43116 : | |
| : | |
| and : | |
| : | |
| **BRYAN COWDERY** : | |
| 188 Chestnut Commons Drive : | |
| Commercial Point, OH 43116 : | |
| : | |
| **Defendants.** : | |

## COLLECTIVE AND CLASS ACTION COMPLAINT

NOW COMES Plaintiff Amanda McElwee and Plaintiff Kendall Harris ("Plaintiffs'), on behalf of themselves and all others similarly situated, and proffers this Complaint for damages against Defendants Bryan Cowdery, Inc. and Bryan Cowdery ("Defendants").

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*., and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. Chapter 4111 ("Chapter 4111").

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e), which provide for original jurisdiction of Plaintiffs' claims arising under the law of the United States and over actions to secure equitable and other relief.

3. This Court has jurisdiction over Plaintiffs' claims under the statutory law of Ohio pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Defendants are doing and have done substantial business in the Eastern Division of the Southern District of Ohio and Plaintiffs performed job duties primarily in the Eastern Division of the Southern District of Ohio.

## THE PARTIES

5. Plaintiff Amanda McElwee is an individual, a United States citizen, and a resident of Ross County, Ohio.

6. Plaintiff Kendall Harris is an individual, a United States citizen, and a resident of Pike County, Ohio

7. Defendant Bryan Cowdery, Inc. is an Ohio corporation registered to do business in Ohio and conducting business primarily in the Eastern Division of the Southern District of Ohio.

8. Upon information and belief, Defendant Bryan Cowdery is a resident of the state of Ohio and is the sole owner of Defendant Bryan Cowdery, Inc.

9. At all times relevant herein, Plaintiffs were employees of Defendants as defined by the FLSA and R.C. Chapter 4111.

10. At all times relevant herein, Defendants are and have been, jointly and individually, "employers" as that term is defined by the FLSA and R.C. Chapter 4111.

11. At all times relevant herein, Defendants have been engaged in interstate commerce or in the production of goods for commerce, and/or the business activities of Defendants constituted an enterprise engaged in interstate commerce within the meaning of the FLSA, and/or Defendants have an annual dollar volume of sales or business of at least $500,000.00.

12. Upon information and belief, Defendants were fully aware of the fact that they were legally required to comply with the wage and hour laws of the United States and of the State of Ohio.

13. Plaintiffs brings this action on their own behalf and on behalf of those similarly situated, and Plaintiffs have given written consent to bring this action to collect unpaid compensation under the FLSA. Plaintiffs' consent forms are being filed along with the Complaint pursuant to 29 U.S.C. § 216(b).  (Attached as Exhibit A).

## FACTUAL BACKGROUND

**Defendants' Pay Policies & Practices**

14. Defendant Bryan Cowdery, Inc. is in the parcel delivery business. Defendants contract with FedEx or FedEx affiliates to deliver packages to customers in central and southern Ohio. According to its website, Defendants also deliver packages to some areas in northern West Virginia.

15. Defendants operate out of three separate facilities located in Whitehall, Ohio, Cambridge, Ohio, and Chillicothe, Ohio.

16. Upon information and belief, Defendant Bryan Cowdery, Inc. is owned and operated, in whole or in part, by Defendant Bryan Cowdery.

17. Upon information and belief, Defendant Cowdery determines the pay policies and practices for his employees as set forth herein.

18. Upon information and belief, Defendants employ more than 160 Delivery Drivers at any given time. Delivery Drivers are responsible for delivering packages to Defendants' customers.

19. Defendants pay their Delivery Drivers on a "day rate" basis. However, Defendants only apply a "day rate" when it is beneficial to Defendants. For example, if a Delivery Driver works 10 hours in a day, a day rate will be applied. But, if a Delivery Driver works only a couple hours, the Delivery Driver is not paid a day rate. As such, Defendant is not entitled to the use of the day rate for purposes of calculating overtime.

20. Defendants also pay Delivery Drivers who drive vehicles weighing 10,000 pounds or less overtime at a "half-time" rate for their hours worked in excess of 40 in a workweek.

21. When operating vehicles that weigh 10,000 pounds or less, Defendants' Delivery Drivers are not exempt from the overtime mandates of the Fair Labor Standards Act or Ohio law.

22. Defendants require their Delivery Drivers to clock in and out for their shifts using an application on their cell phones called Home Base.

23. Delivery Drivers regularly work more than 40 hours in a single workweek.

24. At all times relevant herein, Defendants do not compensate their Delivery Drivers at the correct premium overtime rate of one and one-half times their regular rate(s) of pay for all hours worked in excess of 40 in a workweek.

25. Defendants deduct compensable time from Delivery Drivers' pay.

26. If a Delivery Driver forget to clock in or out for their shift on Home Base, Defendants pay Delivery Drivers a maximum of eight (8) hours of work, even if their shift lasted longer than eight (8) hours.

27. Defendants also deduct time from Delivery Drivers' time entries in the timekeeping software. These unlawful deductions result in a failure to pay all overtime hours worked.

28. Defendants intentional alteration of time, manipulation of time, and/or deduction of compensable time has resulted in harm to Plaintiffs and other Delivery Drivers.

29. Defendants have refused and continue to refuse to pay their Delivery Drivers in accordance with the law.

**Plaintiff McElwee's Employment Experience with Defendants**

30. Plaintiff McElwee was employed by Defendants as a Delivery Driver between approximately the beginning of June 2020 through the end of July 2020.

31. At all times, Plaintiff McElwee was subject to the same pay policies and procedures as other Delivery Drivers, as described herein.

32. At all times, Plaintiff McElwee was not exempt from the overtime mandates of the Fair Labor Standards Act or Ohio law. The delivery vehicle Plaintiff McElwee used to perform her job duties weighed 10,000 pounds or less.

33. Plaintiff McElwee regularly worked over 40 hours in a single workweek.

34. In late June 2020, Plaintiff McElwee noticed that her clock-in/out times on Home Base were being altered.

35. Plaintiff McElwee notified Defendants on June 29, 2020 that her time had been altered. Defendants Human Resources said they would look into it. However, Plaintiff McElwee's clock-out times were not corrected.

36. During a meeting between Plaintiff McElwee and her supervisor Cordell, Plaintiff McElwee told Cordell she was going to contact the Department of Labor and planned to report Defendants for the above-mentioned pay practices.

5

37. After her complaint, Plaintiff McElwee's number of stops was increased from approximately 50-60 stops to approximately 75-85 stops in an effort to get Plaintiff McElwee to quit.

38. When Plaintiff McElwee did not quit, she was presented with 4 write-ups at once on or about July 28, 2020. Plaintiff McElwee's employment was terminated that same day.

39. At all times relevant herein, Defendants failed to compensate Plaintiff for all her overtime hours worked at the proper rate of one and one-half times her regular rate of pay for all hours worked in excess of 40 per workweek.

**Plaintiff Harris's Employment Experience with Defendants**

40. Plaintiff Harris was employed by Defendants as a Delivery Driver between November 2020 through March 6, 2021.

41. At all times, Plaintiff Harris was subject to the same pay policies and procedures as other Delivery Drivers, as described herein.

42. At all times, Plaintiff Harris was not exempt from the overtime mandates of the Fair Labor Standards Act or Ohio law. The delivery vehicle Plaintiff Harris used to perform his job duties weighed 10,000 pounds or less.

43. Plaintiff Harris regularly worked over 40 hours in a single workweek

44. In or around late-December 2020, Plaintiff Harris noticed that his clock-in/out times on Home Base were being altered.

45. Plaintiff Harris made several complaints to Defendants about the alteration of his time.

46. After making his complaints, Plaintiff Harris's schedule was reduced from 5-6 day per week to 3 days per week.

47. During the week of February 21, 2021 through February 27, 2021, Plaintiff Harris was scheduled to work a 5-day workweek. Plaintiff Harris, however, refused to work extra overtime hours for which he was not receiving pay.

48. Plaintiff Harris complained that his hours were being deducted and he was not being paid correctly for all overtime worked.

49. On March 6, 2021, Plaintiff Harris was presented with 4 write-ups at once and his employment was terminated.

## COUNT I
### FLSA Collective Action, 29 U.S.C. §201, *et seq*. - Failure to Pay Overtime

50. All of the preceding paragraphs are realleged as if fully rewritten herein.

51. Plaintiffs brings their FLSA claim pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of themselves and all other Similarly Situated Persons ("SSPs") of the opt-in class, which includes:

> All current and former Delivery Drivers who, during the previous three (3) years, drove a vehicle weighing less than 10,000 pounds during any workweek. (hereinafter referred to as "FLSA Class").

52. Plaintiffs and the FLSA Class Members were subject to the same payroll practices of improperly altering and deducting time entries, and failing to pay employees at a rate of one and one-half times their respective regular rates of pay for all hours worked in excess of 40 during a workweek.

53. This action is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA. Plaintiffs are representative of all SSPs and are acting on behalf of others' interests as well as their own in bringing this action.

54. These SSPs are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA.

55. In addition to Plaintiffs, numerous putative FLSA Class Members have been denied proper overtime compensation due to Defendants' company-wide practice of deducting and altering time and failing to pay employees at a rate of one and one-half times their respective regular rates of pay for all hours worked in excess of 40 during a workweek.

56. Plaintiffs and the SSPs were non-exempt employees.

57. Plaintiffs and the SSPs frequently worked more than 40 hours per week.

58. Plaintiffs and the SSPs were not paid the correct overtime premium for all hours worked in excess of 40 in each workweek.

59. Defendants were aware that Plaintiffs and the SSPs regularly worked more than 40 hours per workweek, but were not receiving the correct overtime premium for all hours worked in excess of 40 per workweek.

60. Defendants' violation of the FLSA was willful, as Defendants knew or demonstrated reckless disregard as to whether they were required to pay Plaintiffs and the SSPs at the correct overtime premium rate for all hours worked in a workweek in excess of 40.

61. Accordingly, Plaintiffs and the SSPs were forced to work more than 40 hours per week without proper overtime compensation. As a result, Plaintiffs and the SSPs have been damaged.

## COUNT II
### Class Action, Fed. R. Civ. P. 23; OMFWSA R.C. 4111, *et seq*. - Failure to Pay Overtime

62. All of the preceding paragraphs are realleged as if fully rewritten herein.

63. Plaintiffs brings this Ohio Minimum Fair Wage Standards Act ("OMFWSA") claim pursuant to Fed. R. Civ. P. 23 as a class action on behalf of themselves and all other members of the following "Class":

> All current and former Delivery Drivers who, during the previous two (2) years, drove a vehicle weighing less than 10,000 pounds during any workweek. (the "Rule 23 Class").

64. Plaintiffs and the other Rule 23 Class members were not paid an overtime premium for all hours worked in a workweek in excess of 40.

65. The Rule 23 Class, as defined above, is so numerous such that joinder of all members is impracticable. The Rule 23 Class consists of more than 150 current and former Delivery Drivers who have not been paid the correct overtime premium for all hours worked in a workweek in excess of 40.

66. Plaintiffs are members of the Rule 23 Class and their claim for unpaid overtime wages is typical of the claims of other members of the Class.

67. Plaintiffs will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

68. Plaintiffs have no interest antagonistic to or in conflict with interests of the Class that they are undertaking to represent.

69. Plaintiffs have retained competent and experienced class action counsel whom can ably represent the interests of the Rule 23 Class.

70. Questions of law and fact are common to the class, including:

    a.    Whether Defendants violated the OMFWSA by failing to compensate, at the correct overtime premium rate, Delivery Drivers for all hours worked in a workweek in excess of 40.

    b.    Whether Defendants established its payroll policies/practices, knowing the policies/practices violated the law and failed to properly compensate Delivery Drivers for all hours worked in a workweek in excess of 40 at an overtime premium rate;

    c.    Whether Plaintiffs and Rule 23 Class Members are entitled to time-and-half;

    d.    Whether Plaintiffs were properly paid a "day rate";

    e.    Whether Defendants' violations were knowing and willful;

    f.    What amount of unpaid overtime compensation is owed to Plaintiffs and the other members of the Rule 23 Class as a result of Defendants' violation of the OMFWSA; and

    g.    What amount of prejudgment interest is due to the Rule 23 Class members on their unpaid overtime compensation, which was unlawfully withheld.

71. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to its unpaid employees.

72. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendants acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the Rule 23 Class as a whole.

73. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law or fact common to class members predominate over any questions affecting only individual members.

74. A class action is superior to individual actions for the fair and efficient adjudication of Plaintiffs' claims and will prevent undue financial, administrative and procedural burdens on the parties and the Court. Plaintiffs and their counsel are not aware of any pending litigation on behalf of any member of the Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendants to vindicate their rights. In addition, individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to their unpaid employees. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

75. For Defendants' violation of O.R.C. 4111, Plaintiff is entitled to recover unpaid wages, an amount equal to the unpaid wages as liquidated damages, interest, attorneys' fees and costs, and all other remedies available under Ohio law.

### COUNT III
### FLSA Retaliation, 29 U.S.C. §201, et seq. (For Plaintiff McElwee Only)

76. All of the preceding paragraphs are realleged as if fully rewritten herein.

77. Plaintiff McElwee engaged in a protected activity when she asserted her right to overtime compensation for time spent performing compensable work and/or complained about Defendants' unlawful pay practices.

78. Defendants knew that Plaintiff McElwee engaged in such protected activity.

79. As a result of Plaintiff McElwee's engagement in a protected activity, Defendants terminated Plaintiff McElwee's employment

80. Defendants' decision to terminate Plaintiff McElwee's employment was causally connected to Plaintiff McElwee's assertion of her rights to compensation for compensable work under the FLSA and/or complaints about Defendants' unlawful pay practices.

81. As a direct and proximate result of Defendants' conduct, Plaintiff McElwee has suffered and continues to suffer damages for which Plaintiff McElwee is entitled to recover unpaid wages, compensatory damages, statutory liquidated damages, interest, attorneys' fees and costs, punitive damages, and all other remedies available under the FLSA.

## COUNT IV
## FLSA Retaliation, 29 U.S.C. §201, et seq. (For Plaintiff Harris Only)

82. All of the preceding paragraphs are realleged as if fully rewritten herein.

83. Plaintiff Harris engaged in a protected activity when he asserted his right to overtime compensation for time spent performing compensable work and/or complained about Defendants' unlawful pay practices.

84. Defendants knew that Plaintiff Harris engaged in such protected activity.

85. As a result of Plaintiff Harris's engaging in a protected activity, Defendants terminated Plaintiff Harris's employment

86. Defendants' decision to terminate Plaintiff Harris's employment was causally connected to Plaintiff Harris's assertion of his rights to compensation for compensable work under the FLSA and/or complaints about Defendants' unlawful pay practices.

87. As a direct and proximate result of Defendants' conduct, Plaintiff Harris has suffered and continues to suffer damages for which Plaintiff Harris is entitled to recover unpaid

wages, compensatory damages, statutory liquidated damages, interest, attorneys' fees and costs, punitive damages, and all other remedies available under the FLSA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs are entitled to and pray for the following relief:

A. As to Count I, certification as a collective action to all SSPs and appointment of Plaintiffs and their counsel to represent the FLSA Class; enter an order directing Defendants to pay into a common fund for the benefit of Plaintiffs and all other members of the FLSA Class the total amount of damages to which Plaintiffs and the class are entitled, including unpaid wages, unpaid overtime, liquidated damages, pre-judgment and post-judgment interest, costs and expenses of the litigation and administration of the common fund, and attorney's fees; injunctive relief for Defendants to cease violations of the FLSA; and such other or additional relief deemed appropriate by the Court and available under the FLSA in an amount greater than $75,000.

B. As to Count II, enter an order certifying that this action may be maintained as a class action pursuant to Fed. R. Civ. P. 23 and designating the Plaintiffs as the Rule 23 Class Representatives, enter an order directing Defendants to pay into a common fund for the benefit of Plaintiffs and all other members of the Rule 23 Class the total amount of damages to which Plaintiffs and the Rule 23 Class are entitled, including unpaid wages, unpaid overtime, liquidated damages, pre-judgment and post-judgment interest, costs of the litigation and administration of the common fund, and attorneys' fees, injunctive relief for Defendants to cease violations of the

Ohio Minimum Fair Wage Standards Act, and such other or additional relief deemed appropriate by the Court.

C. As to Count III, unpaid wages, compensatory damages, liquidated damages, interest, attorneys' fees and costs, punitive damages, and all other remedies available under the FLSA.

D. As to Count IV, unpaid wages, compensatory damages, liquidated damages, interest, attorneys' fees and costs, punitive damages, and all other remedies available under the FLSA

E. Such other legal and equitable relief as this Court deems appropriate.

    Respectfully submitted,

/s/ *Greg R. Mansell*
Greg R. Mansell (0085197)
(Greg@MansellLawLLC.com)
Carrie J. Dyer (0090539)
(Carrie@MansellLawLLC.com)
Kyle T. Anderson (0097806)
(Kyle@MansellLawLLC.com)
**Mansell Law, LLC**
1457 S. High St.
Columbus, OH 43207
Ph: 614-610-4134
Fax: 614-547-3614
*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby requests a jury of at least eight (8) persons

/s/ *Greg R. Mansell*
Greg R. Mansell (0085197)